CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL BRIAN FOGEL, ) | |
|    Plaintiff, ) | Civil Action No. 7:24-cv-00355 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MAJOR T. HALL, *et al.*, ) | Chief United States District Judge |
|    Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Brian Fogel, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Plaintiff's complaint is related to his incarceration at Wallens Ridge State Prison. He alleges that defendants failed to protect him from a "hit" by gang members at Wallens Ridge. Fogel is currently incarcerated at Red Onion State Prison. (*See* Dkt. No. 20.)

Before the court are two motions filed by plaintiff: a motion for default judgment (Dkt. No. 20) and a motion for transfer (Dkt. No. 24). These motions will be denied.

Plaintiff argues that the defendants are in default because they did not file a timely answer or other responsive pleading. This is incorrect. Defendants' answer was due on September 20, 2024, pursuant to executed waivers of service. (Dkt. No. 13.) Defendants filed an answer and a motion for summary judgment on that date. (Dkt. Nos. 16, 17.) Accordingly, Fogel's motion for default judgment will be denied.

Fogel also moves for injunctive relief in the form of a transfer "out of the Western Region" to "any correctional facility in the Eastern Region." (Dkt. No. 24.) Motions for a transfer by a prisoner are considered motions for injunctive relief. *See, e.g.*, *Campbell v. Smith*, C.A. No. 0:08-3668-PMD-PJG, 2009 WL 3111975, at *1 (D.S.C. Sept. 28, 2009) (explaining

that a "request for a transfer to a different penal institution" is "essentially" a request for "preliminary injunctive relief"). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Fogel claims that he was transferred to Red Onion in retaliation for this lawsuit and another lawsuit, 7:24-cv-355, both of which are related to aspects of his incarceration at Wallens Ridge. Now at Red Onion, Fogel claims that he is being subject to retaliation because of those lawsuits. Fogel states that since being transferred to Red Onion, he has been threatened by "the officers", his mail has been tampered with, and the employees responsible for making copies and doing notary work are refusing to help him. (Dkt. No. 24.)

Plaintiff's motion must be denied because he has not made any showing that he is likely to succeed on the merits of his claims in this action. Moreover, Fogel's claims about retaliation at Red Onion are not related to his claim that Wallens Ridge officers failed to protect him from an attack at Wallens Ridge. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*,

No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

    For these reasons, it is HEREBY ORDERED that Fogel's motions for default judgment (Dkt. No. 20) and for a transfer (Dkt. No. 24) are DENIED. The Clerk is directed to transmit a copy of this memorandum opinion and order to plaintiff and to all counsel of record.

    Entered: May 6, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge